GEORGE REVERE *vs.* CITY OF BOSTON.

A petition for a jury to assess damages caused by the alteration of a street in a city must be filed within a year after the adjudication of the mayor and aldermen upon the petition to them, even if work has been done upon the street after that adjudication.

PETITION filed at September term 1857 of the superior court of Suffolk for a jury to assess damages to the petitioner's property by reason of a change of grade of South Cedar and Church Streets in Boston.

At the trial at May term 1858, it appeared that the board of aldermen authorized the alteration in the grade of the streets on the 26th of August 1852; but the petitioner offered to prove the

following facts : The work was not done until within a year prior to August 20th 1854, when he petitioned the mayor and aldermen for damages. On the 28th of August they awarded him damages, which he refused to accept. On the 19th of March 1855 he petitioned again, and was awarded increased damages, which he also refused to accept, and arranged with a committee having the matter in charge on the part of the aldermen for a reference to determine the damages ; but their term of office expired before the reference was carried out, and the new board refused to refer the matter. On the 8th of May 1856 the petitioner filed a new petition, which on the 11th of August was also refused. *Allen*, C. J., ruled that upon these facts and offers of proof this petition was not seasonably filed, and directed a verdict for the respondents. The petitioner alleged exceptions.

*A. A. Ranney*, for the petitioner.

*J. P. Healy*, (City Solicitor,) for the respondents.

Shaw, C. J. This case depends on the same considerations as that of *Erskine* v. *Boston, ante*, 216. The mayor and aldermen, by consenting to allow the petitioner's second petition, and make a new assessment of damages, may well be considered as having waived any exception to his not having filed his petition for a jury in the nature of an appeal from the first ; and perhaps the incurring of some additional damage by increased work under the old order rendered it proper for them to do so. But then the time of limitation runs from such second assessment ; and no petition was filed within a year from that time.

It is said that he expressed dissatisfaction and there was talk of a reference ; but no reference was had ; and the court are of opinion that the petitioner was barred by the statute when this petition was filed, and that the respondents are entitled to the benefit of it. *Exceptions overruled.*